THE EAU CLAIRE LUMBER COMPANY, *Appellant*, v. HOWARD.

**Bill of Exceptions.** Where it appeared that by an agreement of record the appellant was allowed thirty days after the adjournment of court within which to file a bill of exceptions, but nothing in the bill or the record proper showed when the bill was filed or when the court adjourned, or even with certainty that the bill was ever filed at all; *Held,* that this court could not consider it.

*Appeal from Tipton Common Pleas Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*J. E. Wieting* and *W. P. Johnson* for appellant.

Ellet v. The St. Louis, Kansas City & Northern Railway Company.

*J. E. Hazell* and *Draffen & Williams* for respondent.

HENRY, J.—This was a suit in attachment, which, on motion of defendant, was dismissed for alleged irregularities in the filing of the affidavit and bond, and issuance of the writ of attachment. By an agreement of record, appellant was allowed thirty days after the adjournment of court within which to file a bill of exceptions, but nothing in the bill of exceptions or record proper shows when the bill was filed or when the court adjourned, or that the bill of exceptions was filed at all, except that it may be inferred from the clerk's certificate that it was part "of the record in the above cause, as the same appears in my office." We cannot, therefore, consistently, with former rulings of this court, consider the bill of exceptions, but are confined in our examination of the case to the record proper, and as by that the proceedings appear to have been regular, the judgment will be reversed and the cause remanded. All concur.