Dinwiddie v. Jacobs.

---

Dinwiddie v. Jacobs *et al., Appellants.*

**Bill of Exceptions.** An entry of the record proper showing the filing, or leave of court to file, a bill of exceptions, is necessary to make it a part of the record.

*Appeal from Boone Circuit Court.*—Hon. G. H. Burckhartt, Judge.

Affirmed.

*Turner & Douglass* for appellants.

*A. M. Hough* and *Wellington Gordon* for respondent.

Ewing, C.—This was a petition for an injunction, which upon final hearing was made perpetual against all the defendants except Francis M. Grimes, from which judgment defendants appeal to this court.

There is no entry of record showing that any bill of exceptions was filed, or signed. No order of the court is in the record, granting leave, or fixing any time to file a bill of exceptions. In what purports to be a bill of exceptions it appears that "by consent, leave is granted defendants to present their bill of exceptions to counsel for plaintiff within fifty days after this term, and that said bill of exceptions shall be filed in this court within eighty

days after the close of this term, and when so filed, to be taken and held as filed as of the present term of this court." This is all. And this not in the record proper. No filing is marked on the bill itself, and no minute or entry on the record that it is, or was filed.

In *Pope v. Thomson*, 66 Mo. 661, it is held that: "It must appear by an entry of record, in the record proper, that the bill of exceptions was filed. Neither the indorsement of the clerk on the bill of exceptions, filed, with the day and date, (which is not done in the case at bar) nor the statement by the judge that it is signed, sealed and made part of the record, nor both, will suffice. There must be a record entry that it was filed." The same rule is laid down in *Eau Claire Lumber Co. v. Howard*, 76 Mo. 517; *McGrew v. Foster*, 66 Mo. 30.

Upon examination of the record the court seems to have had jurisdiction of the subject matter of the action, and the petition states facts sufficient to constitute a cause of action.

The judgment below is therefore affirmed. All concur.