WALSER, *Appellant*, v. WEAR.

Division Two, May 21, 1895.

1. **Practice in Supreme Court**: FAILURE TO FILE INDEXED TRANSCRIPT. The filing of a printed transcript, which is neither indexed nor certified to by the clerk, is not a compliance with rule 14 of the supreme court allowing a printed and indexed transcript, duly certified by the clerk, to be filed instead of the manuscript record.

2. ———: FAILURE TO FILE ABSTRACT: DISMISSAL OF APPEAL.  For fail. ure to file an abstract as required by rule 13 of the supreme court, the appeal will be dismissed as authorized by rule 16.

3. ———: RECORD PROPER: BILL OF EXCEPTIONS.  Recitals in the bill of exceptions will not supply the record proper.

*Appeal from Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

APPEAL DISMISSED.

*Thurman & Wray* and *G. H. Walser* for appellant.

*H. C. Timmonds* for respondent.

GANTT, P. J.—This is an appeal from the circuit court of Barton county, Missouri. Respondent insists the appeal should be dismissed or the judgment affirmed for failure to comply with rules 11, 12 and 13 of this court, for the reason that appellant has failed to file a proper abstract of the record. The cause is here simply on a certificate of judgment and the order allowing an appeal.

The appellant, at great cost, has filed a printed volume of some six hundred and six pages, but it is not indexed, and can not be sustained as a compliance with rule 14.

This printed volume does not contain the record proper, save an occasional reference thereto in the bill of exceptions. There is no record proper here outside of the certificate of judgment and appeal, and we have repeatedly ruled that the recitals in the bill of exceptions will not supply the record proper. *State v. Harris*, 121 Mo. 445.

There is no certificate by the clerk to the volume of evidence filed, nor is there any indorsement thereon indicating that it is intended as an abstract of the record and certainly it would be a clear misnomer to so style it.

For failure to comply with rule 13, the appeal is dismissed. BURGESS and SHERWOOD, JJ., concur.