RICKETTS, Appellant, v. HART et al.

In Banc, May 30, 1899.

1. **Appeals:** TIME OF FILING BILL: MUST BE SHOWN BY RECORD.   The record proper must show the filing of the bill of exceptions if the filing is done in term time; and if the time within which to file be extended in term time, the record proper must show the extension, and the minute of the clerk must show the filing within the time allowed.   No recitals in the bill of exceptions will supply an omission of these matters from the record.

2. ———: ———: ———: CONFLICT IN RECITALS.   And if there is a conflict in the recitals in the bill and those in the record as to the time of filing the bill, those of the record will control.

3. ———: ———: ———: IN NARRATIVE FORM.   But on appeal it is not necessary to set out such matters in full in the abstract.   A narrative of the several steps is sufficient.

4. **Pleading:** DEFECT IN PETITION CURED BY ANSWER.   Where the answer alleges facts which the petition should have alleged, and puts such facts in issue, the defects in the petition are cured.

5. ————: ————: CASE STATED. In an action on a bond guaranteeing performance by defendant of a contract to convey certain lands to plaintiff by warranty deed upon the payment of the purchase money by the latter, it was urged that the petition failed to state a cause of action, in that it did not allege performance or an offer to perform the contract by plaintiff. The answer, however, alleged that defendant was able, ready and willing to execute a good warranty deed, but that plaintiff refused to comply with his part of the agreement and the conditions thereof to be performed by him. *Held,* that the answer tendered the issue of defendant's ability and willingness to perform the contract, and also the non-performance thereof by plaintiff, and thus supplied the omission in the petition. And as the reply denied these allegations, the issues were presented by the pleadings.

*Transferred from St. Louis Court of Appeals.*

REMANDED (*with directions*).

O. D. JONES for appellant.

(1) In February, 1899, a rehearing was granted in this case with order to put it on April term docket. On March 2, 1899, appellant served copy of abstract of the record on the respondents; it is filed and trial asked on it. Appellant has the right to file an abstract here under the statute and the rules of the court. The clause of the abstract showing the filing of the bill of exceptions is made full. This is the only change made. (2) The defendants objected merely to the introduction of evidence on the trial, after filing answers and replies, and the issues were all made. The petition aided by answers and verdict is good as it is. Weaver v. Harlan, 48 Mo. App. 319; Lycett v. Wolf, 45 Mo. App. 489; McDermott v. Claas, 104 Mo. 14; Young v. Sheckle, 103 Mo. 324. It is aided by answers and verdict. Keen v. Munger, 52 Mo. App. 661; Beckman v. Ins. Co., 49 Mo. App. 604; Grace v. Nesbit, 109 Mo. 9; Allen v. Chouteau, 102 Mo. 309.

C. D. STEWART, H. T. BOTTS and L. F. COTTEY for respondents.

(1)    Appellants' abstract does not show that leave was taken to file bill of exceptions, nor does it show that a bill of exceptions was filed.    Where an appeal is taken by filing in the appellate court a copy of the judgment and the order granting the appeal, accompanied by an abstract of the record, as in this case, the abstract should not only contain the record evidence of the filing of the bill of exceptions, but if the bill be filed out of term, it should also contain a copy of the order granting leave to file it in vacation.    If the assignments pertain to matters of exceptions also, or to such matters only, as in this case, then the abstract must show affirmatively that the bill of exceptions was properly filed.    The record entry of the filing of the bill of exceptions must be set forth in such abstract.    Hohstadt v. Daggs, 49 Mo. App. 157; Mason v. Pennington, 53 Mo. App. 118; Wesby v. Bowers, 58 Mo. App. 419; Hanauer v. Bradley, 64 Mo. App. 661; Hostetter v. Emerson, 64 Mo. App. 672.    (2)    There must be an entry of record to make a bill of exceptions a part of the record.    The further objection is urged to the consideration of the purported bill of exceptions, that there is no record entry showing that the bill was filed at any time. There is nothing in appellants' abstract of the record proper showing that leave was granted to file bill of exceptions or that it was ever filed.    Taylor v. Scott, 26 Mo. App. 249; Williams v. Williams, 26 Mo. App. 409; State v. Wilson, 44 Mo. App. 136; McGrew v. Foster, 66 Mo. 30; Pope v. Thompson, 66 Mo. 661; Lumber Co. v. Howard, 76 Mo. 517; Dinwiddie v. Jacobs, 82 Mo. 195; LaFollette v. Thompson, 83 Mo. 199; Roesler v. Bank, 88 Mo. 565; State v. Rolley, 135 Mo. 677.    Recitals in the bill of exceptions will not supply the record proper. Walser v. Wear, 128 Mo. 652.    (3)    The majority opinion

Ricketts v. Hart.

of the St. Louis Court of Appeals holds that plaintiff's petition does not state facts sufficient to constitute a cause of action. It finally holds, however, that: "The petition and reply taken together make up the plaintiff's paper case, and are sufficient in our judgment to support a judgment after verdict." The holding is that, "a necessary averment omitted from the petition" may be supplied by the reply. We beg to insist that such ruling is radically wrong. A plaintiff can not abandon his petition and recover upon a cause of action stated in his reply for the first time. The petition must state the plaintiff's cause of action. R. S. 1889, sec. 2039. It is no part of the office of the reply to state a cause of action. R. S. 1889, sec. 2052. In Crawford v. Spencer, 36 Mo. App. 78, it is said: "A party must, under our system of pleading, recover upon the cause of action stated in his petition, and he can not recover upon a cause of action stated in his reply." In Mahoney v. Reed, 40 Mo. App. 99, it is said: "But an allegation in the reply which ought to have been made in the petition is not sufficient and does not cure the defect." See, also, McMahill v. Jenkins, 69 Mo. App. 279; Stepp v. Livingston, 72 Mo. App. 175; Lanitz v. King, 93 Mo. 513; Hill v. Mining Co., 119 Mo. 30; Webb v. Bidwell, 15 Minn. 479; Durbin v. Fisk, 16 Ohio St. 538; Gould's Pleading, sec. 8; Thrush v. Cameron, 21 Mo. App. 397; Newham v. Kenton, 79 Mo. 385.

PER CURIAM.—This cause was heard at the October term, 1898, of this court and an opinion, prepared by Judge WILLIAMS, was concurred in by all the members of the court as then constituted.

A rehearing was granted and the cause has been re-argued.

An amended abstract of the record has been filed since the former opinion to meet the objection of respondent that the abstract failed to show the filing of the bill of exceptions.

As amended it shows that at the June term, 1897, of the Knox Circuit Court, plaintiff procured leave of the court to to file a bill of exceptions in vacation on or before ninety days after June 16, 1897. That afterwards on the nineteeth day of July, 1897, he presented to Judge E. R. McKee, the judge of the Knox Circuit Court, said bill of exceptions and it was duly signed by said judge and ordered filed and made part of the record and was filed and indorsed "filed" on July 20, 1897, in the office of the clerk of the circuit court of Knox county.

This abstract as amended obviates the objection which respondent urged so strenuously on the first hearing.        No counter abstract has been filed by respondent and no order requiring the clerk to certify the record in dispute has been asked.

It has been uniformly ruled by this court that the record proper must, if in term time, show the filing of the bill of exceptions, and, if the time be extended in term time, the record proper must show it and the minute of the clerk in vacation must show the filing within the time allowed; that the recital in the bill can not supply that defect, as in the very nature of the case the bill of exceptions is no part of the record until signed and filed by leave of the court. [State v. Harris, 121 Mo. 445; Walser v. Wear, 128 Mo. 652.]

Where there is a conflict between the recital of the filing in the bill and the recital in the record proper the latter must and does control.

But while the record proper must show the filing it has never been ruled under our statute permitting the bringing of appeals to this court by certificates and abstracts that the record entries must be set out in full. A narrative of the several steps is held sufficient, as the statute contains within itself the means of protecting this court against imposition by false statements of the record. [McDonald & Co. v.

Hoover, 142 Mo. loc. cit. 493; Kincaid v. Griffith, 64 Mo. App. 673; Stewart v. Sparkman, 69 Mo. App. 456.]

As already said, the amended abstract shows the leave to file and the filing by the clerk within the time allowed. Accordingly the motion to dismiss the appeal must be and is overruled.

As to the sufficiency of the pleadings to support the verdict, we approve and adopt the opinion of Judge WILLIAMS on that branch of the case and his statement of the case in the following words:

"This case was certified to this court by the St. Louis Court of Appeals. One of the judges of that court dissented from the opinion of the majority, holding that said opinion was in conflict with prior decisions of said court and also of this court. Hence the case comes here for final determination, in accordance with constitutional requirements to that effect.

"The sufficiency of the petition is questioned and it is necessary therefore to set it out in full in this statement. It is as follows:

" 'Plaintiff states that on the 29th day of July, A. D. 1896, the defendants by their bond for deed herewith filed, signed by each of them by their initials as in the caption stated, sealed, acknowledged and thereby acknowledged themselves to owe and be indebted to him, the plaintiff, in the sum of fourteen hundred dollars, on the sole condition that the defendant H. W. Hart, mentioned in the body of the bond as H. Walter Hart, should, upon the payment to him by the plaintiff of the sum of forty-six hundred dollars at times and on terms as follows, namely thirteen hundred dollars to be paid November 1st, 1896, and twenty-six hundred dollars in the form of an incumbrance then on the land to be assumed by plaintiff, all interest to be paid up to November 1st, 1896, on said incumbrance by defendant Hart, then convey to plaintiff by good and sufficient warranty deed

Ricketts v. Hart.

in common form, the following lands, namely, all of the southeast fourth of the southwest fourth and the southwest fourth of the southeast quarter, and forty-four acres where residence is located, all in section ten, township sixty, range twelve west, in Knox county, Missouri, 124 acres more or less. That the balance of the purchase money was to be due and payable when deed was delivered. That plaintiff on the faith of said contract and bond for a deed, made by the defendants as aforesaid on August 13th, 1896, paid defendant Hart the sum of seven hundred dollars, and on November the 9th, 1896, the sum of one hundred dollars, and on November 12th, 1896, the sum of one hundred dollars, making in all the sum of nine hundred dollars. That defendant Hart has failed and refused, and still fails and refuses, to comply with his part of said contract and bond for a deed in this; that he has failed and refused to execute and deliver to plaintiff a good and sufficient warranty deed in common form conveying the title to said lands to plaintiff, subject only to an incumbrance of twenty-six hundred dollars as stipulated in said contract and bond for a deed. That on the 12th day of January, 1897, the plaintiff notified the defendants that since the terms of the contract remained unperformed the plaintiff elected to and did rescind the contract in said bond for a deed referred to and that he redelivered possession of said premises and demanded his money back and he now sues herein therefor.

" 'Plaintiff says that he is damaged by the defendants by reason of the breach of the terms of said contract and bond for a deed in the sum of nine hundred dollars paid to defendant Hart as aforesaid with interest thereon at the rate of six per cent from the date when paid. And plaintiff says that relying on the contracts and promises of the defendants in said bond contained, he removed from the State of Illinois where he then resided to this State to take possession of said lands, to pay for them and comply with the terms thereof on

his part, and in so doing he has been compelled to pay in cost and expenditures and in labor and trouble in so doing the full sum and is actually damaged in the sum of one hundred and fifty dollars.    And that he was and is compelled by reason of the failure and breach of the conditions of said bond by the defendants to redeliver the possession of said lands to defendant Hart and to · return to the State of Illinois at an actual cost of trouble, labor and expense of one hundred dollars and that he is damaged thereby in the actual sum of two hundred and fifty dollars for which he asks judgment.

" 'He therefore asks that he have judgment on said bond for the penalty thereof against the defendants in the sum of fourteen hundred dollars.    And that his damages because of the breaches of. the terms and conditions thereof as aforesaid be assessed at the sum of ·eleven hundred and fifty dollars together with the interest thereon and cost of suit.'

"The defendants filed separate answers.    The execution of the bond sued on was admitted and the other averments of the petition denied.

"The sureties pleaded an alteration of the contract after the execution of the bond by them, but it is unnecessary to notice that defense further, as no point is made upon it in this court.

"The answer also contains these allegations:    'Defendants deny that defendant Hart failed and refused to comply with his part of the contract and bond for a deed by failing and refusing to execute and deliver to plaintiff a good and sufficient warranty deed to said land according to the condition of said bond, but they aver that said Hart was at all times ready and willing to comply with all the conditions of said bond requisite to be performed by him and that he did as a matter of fact tender to plaintiff a good and sufficient warranty deed to said land, but plaintiff refused to accept the same and to comply with the condition of said bond to be

performed by him, and defendants further aver that on November 1st, 1896, and at all times since then the said Hart has been able, willing and ready to execute and deliver to plaintiff a good and sufficient warranty deed to said land according to the conditions of said bond but that plaintiff has failed and refused to comply with his part of said contract and the conditions of said bond imposed upon him to be performed by him in this, that plaintiff has failed and refused to pay the balance of the purchase money as stipulated and required of him to do in said bond, and defendants aver that said Hart has performed all of the conditions required of him to be performed by said bond.'

"The reply denied the affirmative allegations in the answers, and stated that plaintiff learned for the first time on January 12, 1897, that defendant Hart could not make him a good title to the land, and that he then gave notice to all of the defendants that, for said reason, he rescinded the sale and demanded the money he had paid on the contract, and damages. It is further alleged therein that on January 28, 1897, Hart presented a deed for about 116 acres of land upon which there were due $40 in taxes and an incumbrance of $5,000, and refused to submit the deed for examination to plaintiff's attorney.

"The case was tried upon these pleadings and the result was a verdict and judgment for plaintiff.

"Defendants filed a motion for a new trial, which was sustained by the court, and this appeal is by the plaintiff from that order.

"The ground stated in the record for granting the new trial is that the court erred in admitting any evidence on the part of plaintiff because the petition fails to state a cause of action, in this: 'It is alleged in the petition that plaintiff should pay defendant Hart $1,300, on the first day of November, 1896, and on that day assume an incumbrance of

$2,600 on the land described in the petition, and that defendant Hart should then convey to plaintiff said land by good and sufficient warranty deed, etc. It is then alleged that the balance of the purchase money was to be due and payable when the deed was delivered. It is not alleged in said petition that plaintiff paid or offered to pay or tendered said sum of $1,300 on November 1st, 1896, or that he ever paid it or offered it. The court therefore finds that it erred in admitting any testimony offered by plaintiff under said petition.'

"A full transcript of the proceedings was not brought up by the appellant, but the case was taken up by what is called the 'short form' under section 2253, R. S. 1889.

"The printed abstract contains the pleadings and judgment, and then follows the bill of exceptions. It sets out the motion for a new trial and shows that an exception was duly saved by plaintiff to the action of the court in granting the same. Plaintiff asked and obtained leave to file bill of exceptions herein ninety days after June 16th, 1897, and presented in turn his affidavit for an appeal from the order and judgment of the court setting aside the verdict in the cause, and asked an appeal to the St. Louis Court of Appeals and the appeal was granted.

"I. The circuit court sustained the motion for a new trial upon the sole ground that error was committed in overruling the objection made by defendant to the introduction of any evidence, for the reason that the petition failed to state a cause of action. No other ground for granting the new trial has been suggested here. The petition is set out in full in the statement accompanying this opinion.

The action is upon a bond guaranteeing performance by defendant Hart, of a contract to convey certain lands to plaintiff by a good and sufficient warranty deed upon the payment of the purchase money by the latter. The specific

objection to the petition is that it fails to allege performance, or an offer to perform the contract upon plaintiff's part.

"The answer, however, presented that issue directly and plainly. Defendants did not stand content with a denial of such of the averments of the petition as they desired to contest, but alleged that Hart was at all times ready and willing to comply with the conditions of the bond and that he tendered plaintiff a good and sufficient warranty deed to the land, but plaintiff refused to accept the same and to comply with the conditions to be performed by him. They further alleged that said Hart was at the date fixed for the conveyance and had ever since been able, ready, and willing to execute a good and sufficient warranty deed but that plaintiff refused to comply with his part of the agreement, and the conditions thereof to be performed by him. This tendered the issue of Hart's ability and willingness to carry out the contract, and also the non-performance of the conditions thereof by plaintiff, and supplied any omission in that regard in the petition. The reply denied these allegations and the questions thus raised were properly presented by the pleadings.

"This court in Stivers v. Horne, 62 Mo. loc. cit. 475, speaking through Sherwood, J., held: 'Another objection, equally futile, is, that the petition is faulty in not charging notice of the fraud, etc., on Lewis. The petition was not framed with the view of making him a party, but an issue as to notice was raised expressly by the answer and denied by the reply, and this accomplished all that could have been done by an amendment of the complaint.'

"And in Garth v. Caldwell, 72 Mo. loc. cit. 629, the same learned judge declared: 'These allegations of the answer, by putting in issue that fact, which the petition should have alleged, cure such lack of allegations. . . Even at common law it was a rule of pleading that an omission to state a material fact, either in the declaration or special plea,

would be obviated if the pleading of the opposite party put that matter in issue.' In Wagner v. Railroad, 97 Mo. loc. cit. 520, the petition did not show that the husband of plaintiff, for whose death the suit was brought, was a passenger on defendant's train, and BRACE, J., said: 'But as the defendant did not see proper to raise the objection before the trial but in its answer tendered the issue "that he was not a passenger on its train and that it did not owe him the duty of a passenger," which issue the plaintiff accepted, and joined, and both parties went to trial upon it, that objection was waived and afforded no ground for a new trial and can not be considered on writ of error.'

"The circuit court improperly granted a new trial and the cause will be remanded to the St. Louis Court of Appeals with directions to reverse the judgment of the circuit court and remand the case with instructions to proceed in accordance with this opinion." GANTT, C. J., SHERWOOD, BURGESS, ROBINSON, BRACE, MARSHALL and VALLIANT, JJ., concurring.