Western Storage and Warehouse Co. v. Glasner.

WESTERN STORAGE AND WAREHOUSE COMPANY et al. v. GLASNER et al., Appellants.

Division One, June 14, 1899.

1. **Appeals:** FAILURE TO COMPLY WITH STATUTE AND RULES. Where the case is brought to the appellate court on a certificate of the judgment, and no printed abstract is filed, but in its stead what purports to be a "complete record," which is not complete, the appeal will be dismissed for failure to comply with the statute and the rules of this court.

2. ————: RECITAL OF RECORD MATTERS IN BILL. A recital in the bill of exceptions of matters which are a part of the record proper will not supply the omission of them from the transcript of such record.

*Appeal from Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

APPEAL DISMISSED.

HAMNER, HARDIN & HAMNER for appellants.

DOBSON & McCUNE and BOTSFORD, DEATHERAGE & YOUNG for respondents.

MARSHALL, J.—This is an interpleader between Glasner and others, holders of two mortgages on ninety-five

Western Storage and Warehouse Co. v. Glasner.

barrels of whisky, and Smith, who claims under a warehouse certificate. Appellants claim that Smith's lien is void under the act of 1891 (Laws 1891, p. 171), because the loan which the certificate secured is usurious. The circuit court decided in Smith's favor, and Glasner and others brought the case here on a certificate of the judgment, as allowed by section 2253, R. S. 1889. But instead of a printed abstract of the record, which that section of the statutes and rule 11 of this court require to be filed, the appellants have filed what they call a "complete record," covering one hundred and seventy printed pages, which sets out the pleadings, the bill of exceptions, including the testimony of the witnesses and the documentary evidence in full, the instructions asked and refused, the decree, the motion for new trial and the rulings and exceptions, but there is no abstract of the record filed. In this respect the appellants have failed to comply with the statute and with rule 11 of this court. Neither can this volume be construed to be a compliance with rule 14 of this court, which permits printed transcripts to be filed in lieu of a manuscript record, for it is not certified by the clerk of the trial court. [Walser v. Wear, 128 Mo. 652; Brand v. Cannon, 118 Mo. 595; Halstead v. Stone, 147 Mo. 649.]

The volume does not contain the record proper or a single record entry or averment or statement of what the record proper shows, except a statement of the filing of the suit, the change of venue and the pleadings and decree. The bill of exceptions contains a statement that the judgment was rendered and the motion for a new trial was overruled at the February term, 1897, and an appeal granted to this court on the same day, and that the defendants were given till the third day of the June term, 1897, to file their bill of exceptions, and that the bill was filed on the 7th of June, 1897, but there is a total absence of any record entry showing any such state of facts; and the recitals in the bill of exceptions to this effect can not take the place of or supply the record proper. [Walser v.

Wear, 128 Mo. 652; State v. Ryan, 120 Mo. 88; Dinwiddie v. Jacobs, 82 Mo. 195; Nichols v. Stevens, 123 Mo. 1. c. 119; West v. Fowler, 55 Mo. 300; Crossland v. Admire, 149 Mo. 650.]

If .this volume is what it asserts itself to be, a "complete record," then the record proper does not show that time was granted by the court to file a bill of exceptions after the lapse of the term at which the judgment was rendered, or that any bill of exceptions was ever filed. But whether this is so or not there is nothing before us to show that such was the case, and hence the appeal must be dismissed for failure to comply with the statute and with the rules of this court. It is so ordered.

All concur.