## LAWSON v. MILLS, Appellant.

### Division One, June 14, 1899.

**Appeals:** NO ABSTRACT OR RECORD TRANSCRIPT. Where there is no part of the record proper before this court, and nothing except a certified copy of what seems to be a bill of exceptions, the appeal will be dismissed.

*Appeal from Dade Circuit Court.*—HON. D. P. STRATTON, Judge.

APPEAL DISMISSED.

W. CLOUD for appellant.

WILLIAM B. SKINNER and HENRY BRUMBACK for respond-ent.

MARSHALL, J.—This cause is not before the court in such shape as to entitle the appellant to have the judgment of the circuit court reviewed. There is no "perfect transcript of the record and proceedings in the cause, or in lieu of such

transcript, a certified copy of the record entry of the judgment, order or decree appealed from," before the court, as is required by sec. 2235, R. S. 1889. A certified copy of what seems to have been a bill of exceptions filed in the trial court, has been filed in this court, but it is in no sense a perfect transcript. In fact there is nothing before this court showing any record entry in the cause whatever—nothing to show the institution of the action, the issuance of summons or the manner of executing it, no petition, answer or other pleading, a trial, judgment, motion for new trial, the filing of a bill of exceptions nor the granting of an appeal. The paper here filed is purely and simply a bill of exceptions in proper form to preserve matters of exception and make them part of the record, but there is no certified copy of any order of record showing that the bill of exceptions was ever filed, and this is absolutely necessary, as the bill of exception can not prove itself. [State v. Harris, 121 Mo. 445; Walser v. Wear, 128 Mo. 1. c. 653.] The bill of exceptions appears to have been filed after the term when the matters excepted to occurred, and there is no order of record showing that the trial court extended the time for filing the bill of exceptions beyond the term, which is a necessary requisite. The recitals to that effect in the bill of exceptions are not sufficient. [State v. Ryan, 120 Mo. 88; Nichols v. Stevens, 123 Mo. 1. c. 119.]

The appellant therefore has wholly failed to comply with the provisions of sec. 2253, R. S. 1889. He has also failed to comply with rules 11, 12 and 13 of this court. No abstract of any kind has been filed in this court. What purports to be a statement and brief has been filed, presumably to comply with sec. 2301, R. S. 1889, but even this is not "a clear and concise statement of the case."

In this condition of the record the appeal must be dismissed. [Walser v. Wear, 128 Mo. 652; Halstead v. Stone, 147 Mo. 649.]

It is so ordered. All concur.