BUTLER COUNTY, Appellant, v. GRADDY et al.

In Banc, December 5, 1899.

**Appeal Dismissed:** FAILURE TO COMPLY WITH STATUTE. Where the appeal is brought to the Supreme Court by filing therein a certified copy of the judgment and the order granting the appeal, under the provisions of section 2253, Revised Statutes 1889, the printed abstract filed must show all the essential facts necessary to give that court the right to review the exceptions taken in the trial court. And if this abstract fails to show that the bill of exceptions was properly filed, or that it was filed in time, or that judgment was rendered, the appeal will be dismissed.

*Appeal from Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

APPEAL DISMISSED.

W. E. RENFRO, R. H. STANLEY and E. R. LENTZ for appellant.

LOUIS F. DINNING and H. W. HAMEL for respondents.

ROBINSON, J.—This is an action commenced by Butler county against W. C. Graddy, former treasurer of said county, and the other defendants as securities on his official bond as treasurer of said county, to recover $24,000 the penalty of said bond. This action is based on the conduct of Graddy in paying certain warrants upon several funds which it is alleged had been improperly transferred by the county court of Butler county. It is contended by counsel for plaintiff that under section 844, Revised Statutes 1889, the county

court, under the circumstances of this case, was powerless to make such transfer. The answer is a general denial, coupled with a plea of the three years' statute of limitations in bar of the action. The defendant also set up the order of the county court transferring the fund in question, and Graddy's settlements with the county court, as adjudications of the matters involved in the case. The reply denied generally the new matter contained in the answer. There was a trial by jury. At the conclusion of the plaintiff's evidence, the circuit court, by an instruction in the nature of a demurrer to the evidence, directed a verdict for defendants.

The appeal in this case was taken under section 2253, Revised Statutes 1889, by filing in this court a certified copy of the judgment and the order granting the appeal. By that section it is provided that "the appellant or plaintiff in error shall cause to be filed in the office of the proper appellate court, in cases of appeal . . . . a perfect transcript of the record and proceedings in the cause, or in lieu of such transcript, a certified copy of the record entry of the judgment, order or decree appealed from in said cause, showing the term and day of the term, month and year upon which the same shall have been rendered, together with the order granting the appeal, and shall thereafter, within the time and manner as is now or may hereafter be prescribed by the rules of such appellate court, file printed abstracts of the record of said cause in the office of the clerk of such appellate court," etc.

The plaintiff's counsel, however, instead of filing a printed abstract in conformity with this section and rule eleven of this court, have filed what they characterize "Abstract in lieu of full transcript," embracing ninety-two pages. An examination of this abstract discloses the following only: The pleadings, abstract of testimony, exceptions to the action of the court in admitting and excluding evidence, the instructions given by the court at the close of plaintiff's evidence directing a verdict for defendant, plaintiff's exceptions to the court's

action in giving same, motion for a new trial and the rulings
and exceptions thereto.    The abstract concludes with the fol-
lowing statement:    "The defendant" (meaning plaintiff
doubtless) "then files its affidavit for appeal, which said appeal
is granted to the Supreme Court, and plaintiff is allowed
ninety days within which to prepare and file bill of excep-
tions."    It will, therefore, be seen that the plaintiff has failed
to comply with section 2253 of the Practice Act or rule eleven
of this court.    The so-called abstract does not contain a single
record entry or any statement as to what the record shows,
except the pleadings, testimony, the motion for a new trial
and the rulings of the court and the exceptions of counsel
thereto.    The abstract presented by the plaintiff utterly fails
to show that the bill of exceptions was properly filed, much
less that it was filed in time.    The abstract filed under the
provision of the section above mentioned, must show all the
essential facts to give this court the right to review the excep-
tions taken in the trial court, either by setting out a copy of
the record entries entire, or by stating them therein in narra-
tive form, and when the bill of exceptions is filed in vacation
the abstract must show that it was filed in due time, otherwise
this court can not consider the questions involved therein.

The abstract filed in this case fails to disclose any state-
ment or record entry showing that any bill of exceptions was
ever filed in the case.    Indeed, no statement is made in the
abstract that even a judgment was rendered in the case.    This
point of the case has been directly passed upon by Division
No. One of this court in the Western Storage and Warehouse
Co. v. Glasner, 150 Mo. 426, where, in circumstances like the
present, it was held that when a case is brought to this court
on a certified copy of the judgment entry and the order grant-
ing the appeal, the appellant's abstract must show not only
that the bill of exceptions was filed, but that it was filed in
proper time.    This case is so recent, and the question here is
there so tersely disposed of and the authorities cited, that we do

State ex rel. v. Smith.

not deem it necessary to enter upon a further discussion of the question at this time. There being nothing in the abstract presented by the plaintiff showing that any bill of exceptions was ever filed, the appeal will therefore be dismissed for failure to comply with the imperative provisions of the statute and the rules of this court. GANTT, C. J., BURGESS, BRACE, MARSHALL and VALLIANT, JJ., concur; SHERWOOD, J., not sitting.