Jordan v. Chicago & Alton Ry. Co.

MICHAEL JORDAN, Respondent, v. CHICAGO & AL-
TON RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 4, 1902.

Practice, Appellate: PRACTICE, TRIAL: ABSTRACT OF RECORD
IN LIEU OF TRANSCRIPT. Abstracts of the record, in lieu of a
full transcript thereof, must be what the phrase imports and the
statutes require, namely, "a printed abstract of the entire record."
There ought to be copies of the entries or sufficient recitals of the
substance thereof, to show the filing of the petition, the contents
of the pleadings, the judgment rendered, the filing and overruling
of motions for a new trial and in arrest, the steps taken to appeal the
cause, the filing of the bill of exceptions, and if the time was
extended in which to file it, an entry to that effect.

Appeal from Audrain Circuit Court.—*Hon. Elliott M.
Hughes*, Judge.

APPEAL DISMISSED.

*F. Houston* for appellant.

*P. H. Cullen* for respondent.

GOODE, J.—If any order was ever made by the trial
court in this case extending the time for filing the bill of ex-
ceptions beyond the term at which the trial occurred, it is not
preserved in the appellant's abstract of the record, except by a
recital in the bill itself, which is insufficient.

The proper mode in which to prepare abstracts of the
record has been so often pointed out by the Supreme and
Appellate Courts that there is no excuse for not following it.

Vol 92 app—6

Western Storage & Warehouse Co. v. Glasner, 150 Mo. 426, Butler County v. Graddy, 152 Mo. 441. The abstract of the record furnished by the appellant shows that the case is not before this court in such a way as to authorize us to review the assignments of error.

We have been much annoyed by imperfect abstracts and motions to dismiss or affirm on account thereof, all of which we would be relieved of, and enabled to give our time to more important matters, if counsel would be careful in the preparation of their records.

Abstracts of the record in lieu of a full transcript thereof, must be what the phrase imports and the statutes require, namely, "a printed abstract of the entire record." There ought to be copies of the entries or sufficient recitals of the substance thereof, to show the filing of the petition, the contents of the pleadings, the judgment rendered, the filing and overruling of motions for a new trial and in arrest, the steps taken to appeal the cause, the filing of the bill of exceptions, and if the time was extended in which to file it, an entry to that effect. Ricketts v. Hart, 50 Mo. 64; McDonald v. Hoover, 142 Mo. 484; Nolan v. Jones, 126 Mo. 159; Johnson v. Carrington, 120 Mo. 315. Care must be observed to show *dehors* the bill of exceptions by copies of the entries or recitals thereof, that such orders were made as were necessary to confer jurisdiction on the appellate court. All this means nothing more than that orders, judgments and other proceedings which the law requires to be of record, must be shown by the record itself; whereas, matters of exception occurring during the progress of a case which the losing party wishes to preserve, should be in the bill of exceptions, which becomes a part of the record when it is signed and filed in due season. An order extending the time for filing the bill beyond the term at which the trial occurred is, of course, made in open court and it is the duty of the clerk to keep a record of it. The record itself is its proper repository and it was ruled in

Western Storage and Warehouse Co. v. Glasner, supra, that recitals in the bill of exceptions can not "take the place of or supply the record proper." The abstract must be complete enough to show jurisdiction of the cause was obtained by the upper court and to enable it to review all errors and exceptions claimed to be grounds for a reversal.

In the cases above cited, the Supreme Court dismissed the appeals. In other instances, judgments have been affirmed where a bill of exceptions was lacking or filed out of time. The course to be adopted in disposing of a cause for such defects of procedure, depends on whether it affirmatively appears no bill was in fact filed, or that some step indispensable to a review of the case never was taken, or that it was taken but the appellant has failed to show it in his abstract of the record. In the first instance, the judgment should be affirmed, unless there are errors in the record proper; for it will be impossible to get the case to the appellate court in such form that exceptions can be considered. In the second instance, the appeal may be properly dismissed, for, perchance, the record may be brought up in a form that will permit the aggrieved party's exceptions to be considered. It should also be remarked that if an appellate court is convinced an imperfect abstract was filed in order to delay the final determination of the litigation by having the appeal dismissed and subsequently suing out a writ of error, the court would be justified in affirming the judgment.

The appeal is, therefore, dismissed. *Bland, P. J.*, and *Barclay, J.*, concur.