Lucas v. Huff.

---

## JOHN T. LUCAS, Appellant, v. SAMUEL HUFF, Respondent.

**Kansas City Court of Appeals, February 10, 1902.**

1. **Appellate Practice: BILL OF EXCEPTIONS: FILING.** A bill of exceptions can not prove itself nor its filing, but the filing must be shown by an entry in the record proper or the appellate court will disregard it.

2. **——: ——: INSTRUCTIONS.** A so-called bill of exceptions fails to show that a demurrer to the evidence was sustained and consequently such alleged action of the trial court can not be noticed by the appellate court even if the bill was allowed.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

Vol 92 app—24

*J. B. Journey* and *J. R. Moss* for appellant.

Filed brief on merits.

*H. H. Blanton* for respondent.

Filed brief on merits.

SMITH, P. J.—This is an action to recover one hundred dollars, but whether it was commenced before a justice of the peace or in the circuit court, the abstract nowhere informs us. It might have been brought in either of these courts.

The abstract of the record proper consists of the petition or statement of the cause of action alone. It contains no answer, nor does it show that any such pleading was or was not filed in the cause. Nor is any mention therein made of any judgment, though we may infer from what purports to be a bill of exceptions that there was a judgment in the cause for the defendant. Nor does it therein appear that a motion for a new trial was filed and overruled, nor, that a bill of exceptions was filed at any time. St. Louis v. Boyce, 130 Mo. 572; Danforth v. Railroad, 123 Mo. 198; Jackson v. Ferguson, 76 Mo. App. 270; Hill v. Coombs, 92 Mo. App. 242. It is true the so-called bill of exceptions itself recites that it was filed within the time allowed by the order of the court, but there is, as has been stated, no entry on the record proper showing that fact. The case is that where the bill of exceptions is left to prove itself or to prove that it was filed and thus become such bill. This will not suffice, as has been repeatedly decided by all the appellate courts of this State. Such a bill is no bill at all, and will be disregarded.

But if the bill of exceptions had been filed and had thereby become a part of the record, it does not appear therefrom that the court gave an instruction in the nature of a demurrer to the evidence, although it appears from the plaintiff's "statement of the case" that such was the fact. The

so-called bill of exceptions shows that before the evidence had been concluded the defendant presented an instruction, in its nature a demurrer to the evidence, but at the instance of the plaintiff it was withdrawn for the purpose of allowing the latter to introduce further evidence, and accordingly he did introduce such further evidence; but it does not appear that the defendant again presented his said instruction. It does not, therefore, appear that the court gave any such instruction or that the case was disposed of on a demurrer to the evidence. So far as appears, the verdict of the jury was for the defendant on the evidence without instructions. The assignment of error to the effect that the court erred in giving an instruction in the nature of a demurrer to the evidence, can not, in any view of the case, be noticed by us.

And as there is no bill of exceptions presenting the evidence there is nothing before us for review and consequently the judgment must be affirmed. Lawson v. Mills 150 Mo. 428; Walser v. Wear, 128 Mo. 652; Butler v. Graddy, 152 Mo. 441; Benedict v. Ass'n., — Mo. App. —; Shoenberg v. Heyer, 91 Mo. App. 389.

All concur.