GEORGE PEPPERDINE, Trustee, etc., Appellant, v.
A. W. HYMES, Respondent.

### St. Louis Court of Appeals, February 18, 1902.

**Practice, Appellate:** APPEAL: RECORD ENTRIES: EVIDENCE: BILL OF EXCEPTIONS. All matters transpiring during a trial, or steps taken after a trial to perfect an appeal and bill of exceptions, which the law requires the clerk to register in the records of the court, can be proven in no other manner on appeal than by a duly certified copy of their record entries, or if the appeal is brought up on abstracts, then by abstracts of such record entries.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,*
Judge.

AFFIRMED.

*Heffernan & Heffernan* for appellant.

*Vaughan & Coltrane* and *Barbour & McDavid* for respondent.

BLAND, P. J.—The cause is here on a certified copy of the judgment and order granting the appeal. In lieu of the full transcript appellant has filed a printed copy of the bill of exceptions, his statement of the case, his argument and brief of authorities relied upon, but not a word of abstract of the record.

Respondent has filed a motion to dismiss the appeal for want of any abstract of the record or any abstract showing that time for filing the bill of exceptions was extended. Appellant in opposition to the motion has filed a certified copy of an entry of record made by the clerk showing that the bill of exceptions was filed on July 22, 1901, in vacation. The bill of exceptions recites that leave was granted until the first day of the following term to file bill of exceptions and recites also that the bill was filed within the time allowed.

The order extending the time in which to file bill of exceptions, if made, was made in term time and was the proper subject of a record entry and can only be proven by that entry or by an abstract of it. No such proof is to be found in the abstracts filed by appellant or in his additional abstracts. We have at the present term, following prior decisions of this court and decisions of the Supreme Court, ruled that matters transpiring during a trial or steps taken after a trial to perfect an appeal and bill of exceptions, which the law requires the clerk to register, in the records of the court, can be proven in no other manner on appeal than by a duly certified copy of their record entries, or if the appeal is brought up on abstracts, then by abstracts of such record entries. Michael Jordan v. C. & A. R'y Co., 92 Mo. App. 81, and cases cited.

We have no abstract of the record whatever and, hence, no evidence that the time for filing the bill of exceptions was extended by order of the court.   There is, therefore, nothing before us for review and we sustain the motion to dismiss the appeal.

The appeal is dismissed.   *Barclay, J.,* concurs; *Goode, J.,* not sitting.