## CITY OF ST. CHARLES ex rel. BUDD v. DEEMAR et al., Appellants.

**Division One, April 1, 1903.**

1. **Taxbills:** FRONT-FOOT RULE: CONSTITUTIONALITY. The apportionment of the costs of an improvement to a street by the front-foot rule is constitutional.

2. **Appeals:** RECORD RECITALS IN BILL. Record recitals contained only in the bill of exceptions can not be considered on appeal. And if there is no record entry showing the filing of a bill of exceptions, and the abstract contains a petition, answer and reply followed by what purports to be a voluminous bill of exceptions, there is nothing before the appellate court for review except the petition, answer and reply.

Appeal from St. Charles Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

*Theodore Bruere & Son* for appellants.

(1) The work was not done according to the terms of the contract, and for this reason there can be no recovery on the taxbill. Brick Mfg. Co. v. Hamilton, 51 Mo. App. 120; Galbreath v. Newton, 30 Mo. App. 399; Meyer v. Wright, 19 Mo. App. 283; Bank v. Payne, 31 Mo. App. 521; Dunn v. McNearly, 75 Mo. App. 217; McQuiddy v. Brannock, 70 Mo. App. 535. (2) The city council having specified, by resolution and written contract, the kind of material with which the street should be constructed and the manner of construction, the city engineer and committee on streets and alleys had no right to change the provisions of said contract. Brick Mfg. Co. v. Hamilton, supra; Construction Company v. Loevy, 64 Mo. App. 434; McQuiddy v. Bran-

nock, 70 Mo. App. 546. (3) The time within which a contract for making public improvements is to be completed is an essential element of the contract, on the ground of justice to competing bidders and protection to property-owners, and can not be set aside by the contractor and city's officers, and the exclusion of evidence by the trial court as to the time within which the work was completed was reversible error. McQuiddy v. Brannock, supra; Galbreath v. Newton, 30 Mo. App. 393; Rose v. Trestrail, 62 Mo. App. 352. (4) The city council should have apportioned the whole cost of improving the street against the abutting lots according to the proportion which the whole frontage of any particular lot bore to the entire work done; and the taxbill, charging the exact cost of the work in front of a given block against the lots abutting on said block, is void. Adams v. Green, 74 Mo. App. 125; City to use v. Clemens, 49 Mo. 552; Independence v. Gates, 110 Mo. 381; Weber v. Schergens, 59 Mo. 389; Eyerman v. Hardy, 8 Mo. App. 311; Bank v. Ridge, 62 Mo. App. 324; Sedalia v. Gallie, 49 Mo. App. 392; Neenan v. Smith, 50 Mo. 525; Seibert v. Tiffany, 8 Mo. App. 33. (5) The court committed reversible error in giving to the jury the peremptory instruction requested by respondents. Appellants had a right to interpose the defense that there was no substantial compliance with the written contract, and have the jury pass upon that issue, and when that right was denied them, the constitutional guaranty of due process of law was not afforded them. Bank v. Caswell, 126 Mo. 436; City of Kansas v. Huling, 87 Mo. 203; St. Louis v. Richeson, 76 Mo. 470; McQuiddy v. Brannock, 70 Mo. App. 536.

*T. F. McDearmon, C. W. Wilson* and *Bryan & Christie* for respondent.

The appeal should be dismissed for failure of appellant to comply with Supreme Court rules 11 and 12.

(a) Appellant's abstract fails to show any entry in the record proper that any bill of exceptions was ever filed in this case. (b) It further fails to show that there was any entry in the record proper of any judgment or of any order granting an appeal to this court, and, in fact, fails to show that there were any entries in the record proper. Supreme Court rule 16; Butler County v. Graddy, .152 Mo. 441; Western Storage & Warehouse Co. v. Glasner, 150 Mo. 426; Lawson v. Mills, 150 Mo. 428; Bondurant v. Ins. Co., 73 Mo. App. 477; Burdick v. Security Life Association, 86 Mo. App. 94; Hughes v. Henderson, 68 S. W. 1069.

BRACE, P. J.—The plaintiff is a city of the third class. This is an action to enforce a special taxbill for repairs to a street in front of defendants' lot. The judgment was for sixty-five dollars and thirty cents, and the defendants appeal.

One of the defenses set up in the answer is that said taxbill is null and void, because the statute governing cities of the third class (sec. 108, p. 90, and sec. 110, p. 92, Laws 1893), by authority of which the taxbill was issued, and which provides for the apportionment of the cost of such improvement by "the front foot rule" is unconstitutional. That this defense is untenable is now finally and conclusively settled, and no more cases ought to be brought here questioning the constitutionality of this method of assessing the cost of such improvements. [Barber Asphalt Pav. Co. v. French, 158 Mo. 534, affirmed 181 U. S. 324; Heman v. Gilliam, 171 Mo. 258.]

The answer sets up other defenses to the action, but this seems to be the only one presented by the record for our decision. The case is brought here by transcript of judgment and order of appeal. The abstract filed herein contains a petition, answer and reply, followed by a voluminous bill of exceptions, signed by the judge; but, outside the bill, not a single

record entry appears, nor anything showing that the bill was ever filed. In such case there is nothing before us for review except the record proper. Even if it appeared that the bill had been filed, its recitals could not supply the other necessary record entries. [Butler Co. v. Graddy, 152 Mo. 441; Ricketts v. Hart, 150 Mo. 64; Lawson v. Mills, 150 Mo. 428; West. Storage & Warehouse Co. v. Glasner, 150 Mo. 426; Crossland v. Admire, 149 Mo. 650; Walser v. Wear, 128 Mo. 652; Dinwiddie v. Jacobs, 82 Mo. 195; Ferguson v. Thacher, 79 Mo. 511; Pope v. Thomson, 66 Mo. 661; McGrew v. Foster, 66 Mo. 30; Hughes v. Henderson (Mo. App.), 68 S. W. 1069.] It follows that the judgment of the circuit court should be affirmed, and it is accordingly so ordered. All concur.