SCHOOL DISTRICT NO. 1, etc., Appellant, v. BOYLE et al., Respondents.

St. Louis Court of Appeals, June 19, 1905.

1. **APPELLATE PRACTICE: Bill of Exceptions: Time for Filing.** Unless a bill of exceptions is filed within the time granted by the trial court for that purpose, it will not be noticed in the appellate court.

2. ———: ———: ———: **Record.** The facts that time has been granted in which to file a bill of exceptions and that the bill of exceptions was filed within the time granted must appear by the record proper; a recital in the bill of exceptions itself of such facts is insufficient.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

School District v. Boyle.

STATEMENT.

This cause was transferred to this court from the Supreme Court. It originated in the circuit court of Oregon county. The petition counts upon a building contract and bond and in substance alleges that defendant Boyle, a contractor and builder entered into a contract with plaintiff school district, whereby he was to erect for plaintiff a certain brick school building as provided in said contract; that the other defendants are sureties on the bond for the faithful performance of the contract; that defendant failed to erect said building in accordance with the requirements of such contract, etc., and prays judgment for $5,000, the penalty of said bond, to be satisfied by the payment of the aggregate sum of $2,286.52 etc. The issues were tried to a jury in the Howell Cirucit Court, to which court the cause had been transferred by change of venue. The finding was for the defendants. Plaintiff appeals.

The appeal is in what is commonly called the long form; that is, a transcript of the entire record is filed in this court over the certificate and hand of the clerk. This record shows the following facts: The trial was completed on February 2, 1901, and on the same date, separate motions for new trial and in arrest of judgment having been filed, were by the court overruled and on the same day a proper affidavit for appeal to the Supreme Court was filed, whereupon the appeal therein prayed for was granted plaintiff to that court. On the same day and at the same time when such appeal was allowed, plaintiff was granted ninety days in which to prepare and file its bill of exceptions. There is no order in the transcript of the record before us granting further time for the filing of said bill. The only further entry in the record pertaining to the bill of exceptions is that of date May 31, 1901, which shows the filing of said bill on that date, from which it conclusively ap-

pears that the bill of exceptions was not filed within the ninety days time theretofore allowed by the court.

So much for the showing of the record in this behalf. It must be stated, however, that the bill of exceptions, at its conclusion, immediately before the certificate of the judge, contains the following entry, to-wit: "And thereafter, to-wit, on the ————————, and before the time originally granted for the filing of the bill of exceptions had expired, the time for filing said bill of exceptions in the above-entitled cause was by an order entered of record in vacation, extended thirty days from the expiration of the time originally granted." As said, this quotation is from the bill of exceptions and it nowhere appears in the transcript which is certified to us by the clerk under his hand and seal, to be a correct transcript of the entire record in· said cause.

Respondent moves to strike out the bill of exceptions on the ground that the record shows it was filed more than ninety days after the order granting time to file was made, and upon the ground that there is no record showing that said time was extended so as to include May 31st, the date of filing.

NORTONI, J. (after stating the facts).—It has frequently been decided in this State that unless the bill of exceptions is filed within the time granted by the Court for that purpose, it will not be noticed in the appellate court. [State v. Harris, 121 Mo. 445, 26 S. W. 558; Butler County v. Graddy, 152 Mo. 441, 54 S. W. 219; Dorman v. Coon, 119 Mo. 68, 24 S. W. 731; Girdner v. Bryan, 94 Mo. App. 27, 67 S. W. 699; State v. Britt, 117 Mo. 584, 23 S. W. 771; State v. Apperson, 115 Mo. 470, 22 S. W. 375; State v. Scott, 113 Mo. 559, 20 S. W. 1076.]

It has also been frequently decided that in cases of this kind, there must be a showing in the record proper and *aliunde* the bill of exceptions itself, to the effect that time has been granted to file the bill of exceptions and·it

must appear that such bill was filed within the time limit granted by the court . [Pepperdine v. Hymes, 92 Mo. App. 464; Lucas v. Huff, 92 Mo. App. 369; Jordan v. C. & A. Ry. Co., 92 Mo. App. 81; Williams v. Harris, — Mo. App. —; Ricketts v. Hart, 150 Mo. 64, 51 S. W. 825; St. Charles v. Deemer, 174 Mo. 122, 73 S. W. 469; Western Storage Co. v. Glasner, 150 Mo. 426, 52 S. W. 237; Walser v. Wear, 128 Mo. 652, 31 S. W 37; State v. Harris, 121 Mo. 445, 26 S. W. 558.]

All of the authorities hold that the statement contained in the bill of exceptions itself to the effect that the bill is filed in due time, etc., is insufficient for the reason that the bill cannot be permitted to prove itself. We must therefore hold that the recital in the bill of exceptions in this case to the effect that the time had been extended for its filing was insufficient to supply the record in that respect. [Western Storage Co. v. Glasner, 150 Mo. 426, 52 S. W. 237; Walser v. Wear, 128 Mo. 652, 31 S. W. 37; St. Charles v. Diemer, 174 Mo. 120, 73 S. W. 469; Ricketts v. Hart, 150 Mo. 64, 51 S. W. 825; Lawson v. Mills, 150 Mo. 428, 51 S. W. 678; Williams v. Harris, — Mo. App. —; Jordan v. Railroad, 92 Mo. App. 81; Lucas v. Huff, 92 Mo. App. 369.] This being the adjudicated law on the subject, the bill of exceptions must be stricken from the record and as there is no bill before us presenting the evidence and matters of exception had upon the trial, there is nothing to be reviewed by this court other than the record proper. [Lucas v. Huff, 92 Mo. App. 369; Pepperdine v. Hynes, 92 Mo. App. 464; Lawson v. Mills, 150 Mo. 428, 51 S. W. 678; Walser v. Wear, 128 Mo. 652, 31 S. W. 37; Butler County v. Graddy, 152 Mo. 441, 54 S. W. 219.]

There are no assignments in appellant's brief leveled against the record proper in this case. The only reasons which he urges for reversal of the judgment are the matters of exception contained in the bill which has been stricken from the files, and they are no longer before us for observation.

It affirmatively appearing on the record that the bill of exceptions in this case was filed out of time and without authority, it should be treated as equivalent to the filing of no bill at all and thereupon respondent is entitled to an affirmance of the judgment. [Jordan v. Railroad, 92 Mo. App. 81.]

The judgment of the trial court is therefore affirmed. All concur.