HESSE, Respondent, v. QUEEN INSURANCE COM-
PANY, Appellant.

St. Louis Court of Appeals, November 28, 1905.

APPELLATE PRACTICE: Record Proper Must Show Filing of Mo-
tion for new Trial. When the abstract of the record proper fails
to show that a motion for new trial was filed, the appellate
court will not review the matters presented by the appellant's
bill of exceptions.

Appeal from Scotland Circuit Court.—*Hon. Edwin R.
McKee*, Judge.

AFFIRMED.

· *Barclay & Fauntleroy* and *Smoot, Boyd & Smoot*
for appellant.

*Lewis Myers* and *John M. Jayne* for respondent.

It is true there is a recital in the bill of exceptions
that a motion for a new trial was filed, but this will not
suffice, for it is now well settled that the filing of such
a motion is a matter that must be shown by the record
proper and cannot be evidenced by any recital in the bill
of exceptions. Greenwood v. Parlin & Orendorff Co.,
98 Mo. App. 407; Parry v. Gordon Coffee & Spice Co.,
98 Mo. App. 409, and authorities cited. The abstract of
appellant does not recite any order granting an appeal.
The recital in the bill of exceptions, of the fact that an
appeal was taken does not evidence the fact. It must
appear from the abstract of the record proper.

GOODE, J.—This is an action on a fire insurance
policy to recover damages sustained by the burning of
the insured property, a dwelling. We are of the opin-
ion that the record is not in a condition for the appel-

lant's exceptions to be reviewed. The record proper, on which the judgment for respondent rests, exhibits no defect to invalidate the judgment. The case is here on a short transcript and the abstract furnished by the appellant does not show, other than by recitals in the bill of exceptions, the filing of either a motion for new trial or of the bill itself. But on turning to the transcript we see that the appellant was granted leave to file a bill of exceptions on or before February 8, 1904. The recital in the bill shows it was filed February 18, 1904, or ten days too late. So if we could be governed by what the bill states, as we cannot be, we should have to hold it was filed out of time. There are other grave omissions from the record proper.

The judgment is affirmed. All concur.

PER CURIAM.—In their motion for a rehearing appellant's counsel express surprise that the appeal was dismissed on account of the condition of the record, and suggest that the date of the filing of the bill of exceptions, as given in the abstract, is a misprint. That is only one of several fatal defects in the abstract. It does not show by any entry in the record proper, that a motion for new trial was filed, and this omission would prevent consideration of the appeal on the merits. [Storage Co. v. Glasner, 150 Mo. 426.] Respondent's loss occurred in August, 1902, and this appeal was taken in August, 1903. For one reason or another the appeal has been pending in this court, and the Supreme Court ever since. The attention of appellant's counsel was directly called to the defects in the abstract of record by the brief of respondent, filed May 4, 1905; yet no effort to correct the record was made until an adverse decision had been given. It would be unjust to the respondent to set aside the judgment now, in order for appellant to cure defects which it had months of time to cure prior to the submission of the case. The motion for rehearing is overruled.