STATE ex rel. SONS, Appellant, v. HOLLAND, Respondent.

**St. Louis Court of Appeals, January 30, 1906.**

**APPELLATE PRACTICE: Bill of . Exceptions: Record Proper.** The filing of a motion for new trial and the action of the court thereon, the filing of an affidavit for appeal and the order granting the appeal, the extension of time in which to file bill of exceptions and the filing of the bill should appear in appellant's abstract of the record proper; they form no part of the bill of exceptions.

Appeal from Barry Circuit Court.—*Hon. Henry C. Pepper,* Judge.

APPEAL DISMISSED.

*E. C. Frost* for appellant.

*T. D. Steele* for respondent.

In such cases there is nothing for this court to review except the record proper. St. Charles ex rel. v. Deemer, 174 Mo. 122; Williams v. Harris, 110 Mo. App. 538. This court cannot, in the absence of a motion for new trial or to set aside the order dismissing the cause, consider the errors assigned, even if they are preserved in the bill of exceptions. Klotz v. Perteet, 101 Mo. 216; Railroad v. Carlisle, 94 Mo. 166.

BLAND, P. J.—This is an action to recover a delinquent poll tax of three dollars for the year 1900, due Capp's Creek township, road district, in Barry county, Missouri. It was begun on April 3, 1901, by B. D. West, the constable of Capp's Creek township, filing with the justice of the peace of said township a list of the delinquent poll taxes, duly certified by the collector of said county, which showed some forty delinquents, defendant among the number. The justice did not mark the delinquent list "filed." He said he forgot to so mark it, but of his own motion made out and filed the following statement: "Account against John Holland for $3 delinquent poll tax at Capp's Creek, road district. Filed April 3, 1901. W. D. McMillan, J. P." Summons was issued, and on the return day parties appeared and tried the case. The justice rendered judgment for plaintiff, and the defendant appealed to the circuit court. At the February term, 1902, of the circuit court, the plaintiff filed the collector's verified list of delinquent poll taxes. On the same day the defendant filed a motion to dismiss the cause, on the ground that the circuit court had "no jurisdiction over the subject-matter or of the person of defendant, for the reason that no cause of action was filed with the justice of the peace and no cause of action is stated in the cause. The plaintiff filed the following amended statement in the circuit court, on the same day:

"H. P. Sons, Collector of Barry county, Missouri, to the use of Capp's Creek Township Road District, Plaintiff, v. John Holland, Defendant.

"Plaintiff for amended statement says that the defendant owes Capp's Creek township road district the sum of three dollars, his delinquent poll tax for the year 1900, for which he prays judgment."

On the same day the defendant filed a motion to strike out the amended statement, for the reason said amended statement does not state any cause of action, and for the further reason the plaintiff has no right or authority to file the amended statement because the

court has no jurisdiction over the subject-matter.

The court heard the testimony of the justice of the peace and the constable, which showed that the constable got the delinquent list from the clerk of the collector and gave it to the justice, asking him to institute a suit; that the justice had the list for about two hours and forgot to mark it "filed," but permitted the constable to withdraw it for the purpose of instituting suits against the other delinquents therein named. The circuit court entered judgment dismissing the cause because there was no statement filed with the justice of the peace.

The case is here by abstracts in lieu of a full transcript. The abstracts contain nothing from the record proper to show that the motion for new trial was filed and overruled, that the affidavit for appeal was filed and appeal granted or that a bill of exceptions was ever filed. Under the title, "Bill of Exceptions," it is stated that a timely motion for new trial was filed and overruled and that an affidavit for appeal was filed and appeal granted; that sixty days' leave in which to file bill of exceptions was given and within the time allowed to-wit, on March 7, 1902, the bill of exceptions was signed by the judge, but it nowhere appears that it was ever filed. The filing of a motion for new trial and the action of the court thereon, the filing of an affidavit for appeal and the order granting the appeal, and the extension of time in which to file bill of exceptions and the filing of the bill are all matters of record entry and should appear in appellant's abstract of the record proper. They form no part of the bill of exceptions and it cannot be made a vehicle to carry into an appellate court that which is matter of record proper. [Western Storage & Warehouse Co. v. Glasner, 150 Mo. 426, 52 S. W. 237; Butler County v. Graddy, 152 Mo. 441, 54 S. W. 219; St. Charles ex rel. v. Deemer, 174 Mo. 122, 73 S. W. 469; Williams v. Harris, 110 Mo. App. 538, 85 S. W. 643.] Therefore, there is nothing before us for review and the appeal is dismissed. All concur.