MULLOY, Respondent, v. CLARK, Defendant, FLEM-
ING, Interpleader, Appellant.

St. Louis Court of Appeals, March 31, 1908.

APPELLATE PRACTICE: Bill of Exceptions: Record Proper.
On an appeal by an interpleader from the action of the trial
court in sustaining a motion to dismiss his interplea, where
the record proper does not show that a bill of exceptions was
filed, the appeal will be dismissed.

Appeal from Barry Circuit Court.—Hon. F. C. John-
ston, Judge.

APPEAL DISMISSED.

John T. Burgess and D. H. Kemp for appellant.

T. D. Steele for respondent.

BLAND, P. J.—On January 8, 1906, plaintiff com-
menced her suit by attachment against A. B. Clark, in
the Barry Circuit Court. By virtue of a writ of attach-
ment issued in said cause, the sheriff attached a bay
mare, one buggy and other personal property as the
property of defendant. At the return term of the writ,
to-wit, February term, 1906, and on the twelfth day of
said month, by leave of court, W. J. Fleming filed his
interplea in said cause, claiming to be the owner of the
property attached. On the following day the attach-
ment suit was continued to the next term of the court,
on plaintiff's application. No appearance to the in-
terplea was made and no order or orders in respect
thereto were entered at the February term. At the
September term, 1906, plaintiff filed the following mo-
tion (omitting caption):

"Comes now plaintiff in the above entitled cause
for the purpose of this motion only and moves the court

to make an order dismissing the interplea heretofore filed herein in by W. J. Fleming for the reason that the statute of Missouri, 1899, section 424, prescribes that court may by rule prescribe the time and manner of interpleading in attachment cases and take the needful steps therein. That in compliance with the powers conferred by the said section this court has made, printed and adopted rule 6 as a standing rule of this court which among other things provides: Notice of all interpleas shall be served by the interpleader upon all parties to the cause or their attorney within three days after the filing thereof, unless longer time be granted by the court. The failure to make such service shall entitle parties opposing the interplea to an order dismissing the same. Plaintiff states that no notice of said interplea has been given or served on plaintiff or her attorney. Wherefore plaintiff prays for an order of court dismissing the said interplea.

"T. D. STEELE, Attorney for Plaintiff.

"Kate E. Mulloy, plaintiff, being duly sworn, states that she has seen and read the above and foregoing motion, and that the facts set forth are true.

"KATE E. MULLOY,

"Subscribed and sworn to before me this first day of September, 1906.

"T. D. STEELE, Notary Public.

"My commission as notary expires June 16, 1909."

The above motion was heard on the day of its filing and considered and sustained by the court, and the interplea dismissed. From the order dismissing the interplea, the interpleader appealed to this court in the usual way. The evidence heard on the motion to dismiss the interplea is preserved in what purports to be a bill of exceptions. The record shows that a bill of exceptions was duly allowed and signed by the judge of the court and ordered made a part of the record,

and that it was indorsed on the back, "J. C. Baker, circuit clerk." But there is no record entry or abstract of one, showing that the bill of exceptions was ever filed. It has been repeatedly ruled that a bill of exceptions only becomes of record by a record entry of its filing. An indorsement of its filing on the back of the bill by the clerk is not an entry of record, but a mere memorandum made by the clerk which cannot perform the office of a record entry. [Hamilton Brown Shoe Co. v. Williams, 91 Mo. App. 511; Burdick v. Security Life Ass'n, 86 Mo. App. 94; Butler County v. Graddy, 152 Mo. l. c. 443; 54 S. W. 219; Western Storage and Warehouse Co. v. Glasner, 150 Mo. 426, 52 S. W. 237; Baumeister v. Toomey, 71 S. W. 1070.]

It follows that the appeal should be dismissed. It is so ordered. All concur.