E. G. SCOTT, Respondent, v. D. A. BLACK, Appellant.

Kansas City Court of Appeals, November 3, 1902.

1. **Partnership:** ACCOUNTING: AGREEMENT. On a review of the evidence relating to a settlement between partners, it is found that certain accounts were to be taken by the plaintiff at a given amount, and that there was error in charging plaintiff with only half of that amount.

2. **Res Adjudicata:** FORMER SUIT: RESCISSION: ACCOUNTING: VENDOR'S LIEN. The plaintiff brought an action against defendant to set aside a transaction involving the sale of a farm by him and a purchase of a store and the settlement of certain accounts, on the ground that at the time he was *non compos,* and praying for an adjustment of the equities of the parties. In this he was defeated and his bill was dismissed without more. He subsequently brought this action for an accounting and to charge the balance due him as a lien upon the farm. *Held,* the former action was not a bar to this since on the bill in that case and the finding of the court an investigation of the accounts of the parties could not be had nor a vendor's lien enforced.

3. **Appellate Practice:** ABSTRACT: RECITAL. In an abstract of the record, nothing more is required than a recital of the various entries.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

REMANDED (*with directions*).

*Johnson & Bresnehen, Perry S. Rader* and *H. K. West* for appellant.

(1) What matters are res adjudicata? 21 Am. and Eng. Ency. Law (1 Ed.), 265; Lorillord v. Clyde, 99 N. Y. 196; Bougher v. Scoby, 21 Ind. 365; Crockett v. Routon, Dud. 254; Gates v. Goreham, 5 Vt. 317; Lawrence v. Vernon, 3 Sumn. 20 (U. S. Rep.); 1 Freeman on Judgments, sec. 259; Wolverton v. Baker, 98 Cal. 628; Hazelrigg v.Boardman, 2 S. W. (Ken.) 769; Pugh v. Williamson, 61 Mo. App. 165; Hickerson v. Mexico, 58 Mo. 65; Short v. Taylor, 137 Mo. 526; Spradling v. Conway, 51 Mo. 54; Lightfoot v. Wilmot, 23 Mo. App. 5; Chouteau v. Gibson, 76 Mo. 49; Lafforn v. Fretwell, 20 Mo. App. 263; Caldwell v. White, 77 Mo. 473. (2) "A dismissal of a former bill is a good plea in bar to a second bill when the material allegations of the two bills are the same." McDougal v. Maddox, 32 Ga. 63; 2 Smith's Leading Cases, 667; Tankersley v. Pettis, 71 Ala. 179; Durant v. Essex Co., 7 Wall. (74 U. S.) 107; Case v. Beauregard, 101 U. S. 692; Story's Equity Jurisprudence, sec. 1523; Strang v. Moog, 72 Ala. 464; Foote v. Gibbs, 1 Gray (67 Mass.) 412; Lyon v. Mfg. Co., 125 U. S. 698; Bell v. Simonds, 14 Mo. 100; Stickney v. Goudy, 132 Ill. 227; Holmes v. Fresh, 9 Mo. 213; McCollum v. Boughton, 132 Mo. 621; Greenwood v. Ins. Co., 27 Mo. App. 417; Henderson v. Dickey, 50 Mo. 164.

*W. W. Rucker* and *Crawley & Son* for respondent.

(1) The duty to prepare and file a proper abstract of the record is cast by law on appellant, and he can not by merely shirking that duty impose it on respondent. Brand v. Cannon, 118 Mo. 595. (2) Appellant's abstract stands as and for the record itself. Craig v. Scudder, 98 Mo. 664, and cases there cited. (3) The mere recital by appellant's counsel that "on the sixteenth day of November, 1900, during said November term, defendant filed his answer as follows, to-wit"—does not supply the omission of an entry in the record proper showing the filing of said alleged answer. Roush v. Cunningham, 163 Mo. 173; Ricketts v. Hart, 150 Mo. 64; Carter v. Prior, 78 Mo. 222.

BROADDUS, J.—The plaintiff seeks to recover upon the facts alleged in his petition to the effect, substantially:

That in December, 1896, he was a resident of, and the owner of a certain farm in Chariton county, Missouri; that prior thereto, he and the defendant were engaged as partners in the retail grocery business at Rock Island, Colorado county, Texas; that in December, 1896, he and the defendant entered into an agreement, whereby their partnership affairs were settled and terminated, at which time it was agreed, that defendant owed him the sum of $633, due upon said settlement; that it was then agreed that plaintiff should convey to defendant said farm, for the agreed price of $3,500 to be paid for as follows: The defendant to convey to him certain lots in said town of Rock Island, including a storehouse and the stock of goods and merchandise on hand at the stipulated price of $1,100, and by delivering to plaintiff at said storehouse other goods and merchandise of the value of $400, and transferring to him promissory notes of the value of $408, the residue of the purchase price of $1,908 to be paid on demand, its payment to be secured by a first mortgage lien on said land.

The petition also recites that plaintiff conveyed to defendant said farm, which conveyance was duly recorded, that the defendant immediately went into possession thereof, which he still retains, that defendant is still indebted to plaintiff after giving him all proper credits in the sum of $1,610.78, and that defendant has failed and refused to secure the residue of said purchase price as he agreed to do. Plaintiff asks judgment for said sum of $1,610.78, and that the same be made a lien on the land.

The answer pleads first as a defense, a former adjudication of the matters and things set up in said petition. The answer to the merits of the petition admits the partnership that existed between the parties and its dissolution, and a settlement of the partnership. It is admitted that the farm was conveyed to him at the fixed

valuation of $3,500; and that in part payment thereof, the plaintiff agreed to take the goods on hand and the storehouse and lots, but claims that their agreed value was the sum of $2,500; instead of $1,100, as claimed by the plaintiff. The answer further states that at the time of said settlement and contract, he delivered to plaintiff certain accounts of the agreed value of $582, and six promissory notes of the agreed value of $408, one bale of cotton valued at $30, making a total of $3,770, less the sum of $250, which was due the plaintiff as his share of $750, advanced by the defendant during the existence of the partnership; and that it was further agreed at the time that defendant should pay back to plaintiff $505, which he had paid to defendant for an interest in the said partnership less $67, on some other account. The defendant further claims that by the following after-payments he has more than fully paid off and discharged the balance he owed plaintiff on said farm, to-wit: A storebill of plaintiff at Rothwell, Missouri, of the amount of $36, on hardware bill of $10.13, State and county taxes in the sum of $25.19, and $300 paid by draft to plaintiff's wife at plaintiff's request.

The court after hearing the case found against the defendant on his plea of former adjudication.

On the merits of the case, the court found that the agreed value of the farm in question was $3,500, and that the defendant should be further charged with the sum of $505, admitted in defendant's answer, making a total of $4,005 to plaintiff's credit; and found that the defendant should be credited as follows: One bale of cotton, $30; money advanced to plaintiff on a trip to Missouri, $67; notes assigned, $408; one-half of $582 assigned accounts, viz., $291; $1,500, the value of the merchandise and lots and store in Rock Island; $300 paid plaintiff's wife; storebill in Rothwell for $96.90; hardware bill $10.15; taxes $25.19; all of which left the defendant indebted to plaintiff, for balance due on the Chariton county farm, in the sum of $1,377.90, for which judgment was rendered in plaintiff's favor,

with a decree enforcing his lien on said farm. From this judgment, the defendant appealed.

The defendant claims that the court committed error in not allowing defendant a credit in full for the item of $582, assigned accounts, instead of one-half thereof. We agree with defendant on that point, for under the proof it is shown at the time said accounts were assigned the plaintiff, he was to take them at that valuation. Furthermore, the plaintiff's counsel in open court disclaimed any interest in them whatever. These facts must have been overlooked or forgotten by the court, and its attention should have been specifically called to the matter, which would then, no doubt, have been corrected. We find no other error in said finding, which seems to have been in all other respects fully supported by the evidence.

The defendant insists that the action of the court was wrong in its judgment on the plea of former adjudication. The former suit after setting up the transaction of the partnership and all the dealings between the parties as appear in the pleadings in the present case, sought to have the entire transaction set aside and annulled, on the ground of fraud and the mental incapacity of plaintiff to contract, joined with an offer to restore to defendant whatever he had received on said transaction. The record shows that said suit was tried and evidence introduced similar to that in this case, with the additional testimony relating to the mental incapacity of the plaintiff to make a contract. On the hearing of said case, plaintiff's bill was dismissed.

The appellant has argued at length and cited many authorities to support his contention, that the prior suit between the parties was *res adjudicata*. Referring to that suit, they lay down the proposition that, "under these issues, it was the first duty of the court to ascertain whether or not the memorandum was fraudulent or illegal; if it was not, the suit would end there; if it was, the court could go ahead and ascertain what was the oral agreement, and how much had been paid thereunder, and if anything was due, under the prayer for

general relief, give a judgment in the proper amount and decree it a lien upon the land. If it could do that, then the issue made by the pleadings in the case at bar are *res adjudicata.*"

The weakness of the position is that it is apparent on the face of the petition that a judgment could not have been rendered thereon against defendant for any sum due from him to plaintiff growing out of said transaction, nor could there have been any decree making such judgment a lien on the farm in question. It seems to us, not only anomalous, but illogical, that in a suit to set aside a contract alleged to have been obtained by fraud, the court would have the power to decree its validity and enforce its provision. The form of the prior proceedings, and these, are diametrically different, and the substance thereof and the object to be subserved are wholly different and antagonistic. It is true that in said former suit, under plaintiff's prayer for relief, before the same could be granted the court would have to go into the state of accounts between the parties, as it did in this case, in order that the plaintiff be decreed to restore to defendant what he had received in money, or property, in the transaction, for equity would not allow him to disaffirm a contract on the ground of fraud and at the same time retain its benefits; for it is a familiar rule of that branch of our jurisprudence that, "He who asks equity, must do equity."

The rule, governing this point, is stated by Chancellor Kent in a few words, viz.: "I apprehend the rule to be that, though the bill contains, as usual, a prayer for general relief, and also a prayer for specific relief, the plaintiff may have other specific relief, provided it be consistent with the case made by the bill." Tested by this rule in the former suit, notwithstanding there was a prayer for general, as well as for specific relief, the plaintiff was not entitled to have had the contract declared valid and a lien decreed against the land, because the granting of such relief would be inconsistent with his bill. The effect of the former adju-

dication dismissing the bill was to validate the contract between the parties, and it would be opposed to every principle of justice and sound discretion to hold that such contract could not be enforced and the plaintiff to have its benefits.   We do not think the question is debatable.

The respondent has moved the court to dismiss the appeal on the ground that the appellant has failed to comply with the requirements of section 813, Revised Statutes 1899, and with rule 15 of this court; that is, that appellant has failed to file printed abstract of the entire record of said cause in the office of the clerk. The abstract, after the caption, proceeds to set forth that, "On the ·  .  .  .   day of September, 1899, there was filed in the Chariton Circuit Court, at Keytesville, Missouri, the following petition, to-wit, (omitting caption)."  Then follows a copy of the petition, after which there is a statement that on the sixteenth day of November, 1900, during the November term, defendant filed his answer, which is followed by a copy of defendant's answer (omitting caption).   It will be seen that the appellant, instead of copying the entries made by the clerk as to the filing of the petition and answer, merely states the fact of their filing, with the date thereof.   The abstracts, nearly all the way through, are made up in the same manner.   It seems to be the plaintiff's contention, that in order to constitute a sufficient abstract, that such entries should be copied literally.   Under the ruling in Ricketts .v. Hart, 150 Mo. 64, and McDonald v. Hoover, 142 Mo. 493, said abstract is sufficient.   In both these cases, it was held that, "Nothing more is required in an abstract than a recital of the various entries."   The cases cited by respondent do not apply to the question raised here.   The motion to dismiss for want of proper abstract is overruled.

The cause is reversed with direction to the circuit court to amend its judgment so as to give defendant credit for the sum of $582, instead of one-half thereof, and that the judgment so amended be charged as a

lien against the land in controversy. In all other respects, said judgment is affirmed. All concur.