CHARLES F. QUEST, Appellant, v. GEORGE A. JOHNSON
*et al.*, Respondents.

Kansas City Court of Appeals, April 30, 1894.

1. **Tax Bills:** KANSAS CITY CHARTER OF 1889: NO PREFERENCE:
QUANTUM MERUIT. Under the charter of Kansas City of 1889 if the
work for which a special tax bill is issued is not done according to
the terms of the contract the holder thereof, though not permitted to
recover the full contract price, yet he will be permitted to recover
what such work is reasonably worth to the owner not exceeding con-
tract price.

2. **Equity:** JURISDICTION: FULL JUSTICE. When a court of equity
once acquires jurisdiction of a cause it will retain it to do full and
complete justice and settle the entire controversy, and this, too,
although the court may pass on a matter cognizable at law.

*Appeal from the Jackson Circuit Court.*—HON. JNO. W.
HENRY, Judge.

AFFIRMED.

*Gage, Ladd & Small* for appellant.

(1) As alleged in the petition and found by the
court, neither the ordinance nor the contract for
the work was substantially complied with. Under
the old charter of Kansas City, therefore, the tax bills
would have been absolutely and wholly void. *Bank v.
Payne*, 31 Mo. App. 512. (2) But it is claimed that
there is a provision in the new charter, which was not
in the old one, which permits a recovery for the value
of the work done, even though the work is not sub-
stantially done according to the ordinance and con-
tract. We submit that the construction contended for
is erroneous. The new charter was intended to throw

additional safeguards around the property owner in this matter of special tax bills, and not to expose him to greater dangers than under the old. *Leach v. Cargill*, 60 Mo. 317. (3) Again, the charter provision does not apply to a case where the provisions of the ordinance, as well as the contract, have not been complied with, but simply apply to a case where there is a failure to comply with the terms of the contract. (4) We submit, therefore, that the work provided for by the ordinance was not completed and the board of public works had no authority to issue these tax bills, and they should have been declared void. (5) Another thing: The answer was only a general denial; did not ask for any judgment enforcing the tax bills, and the court had no authority to render any judgment enforcing them for any amount against the appellant's property.

*Stuart Carkener* and *Elijah Robinson* for respondents.

(1) Now, in 1888, in the case of *Bank v. Payne*, 31 Mo. App. 512, the court construed the old charter, and ruled that under its terms there could be no recovery in a suit on a tax bill where there was a substantial defect in the materials and the like, and that however valuable the work might be to the lot owner, yet he could have the benefit of it, and the contractor should get nothing. Respondents insist that in the amendment made the following year, it is clearly intended to change this rule and permit a recovery by the contractor of the "value" of the work done, although there was not a compliance with the terms of the contract. In other words to place the contractor on substantially the same footing as contractors in other cases. (2) The language of the amendment plainly

contemplates noncompliance "with the terms of the contract," any or all of them in substantial as well as less material particulars. (3) Again, the rule as to contracts for work, as stated in the language of the supreme court, is, that "although the work has not been done within the stipulated time, nor in the manner, nor with the materials required by the terms of the contract, he who performs the work may recover what it was reasonably worth to the owner, not exceeding the contract price." *Marsh v. Richards*, 29 Mo. 99, *loc. cit.* 105; *Lowe v. Sinclair*, 27 Mo. 310; *Yeates v. Ballentine*, 56 Mo. 530; *Creamer v. Bates*, 49 Mo. 523. (3) But a point is sought to be made on the fact that the circuit court found that the provisions of the ordinance, as well as the contract, were not complied with. The answer to this contention is, that the contract to be valid must be in accordance with, and comprehend all of the provisions of the ordinance. (4) The fourth point made by appellant is that the answer was only a general denial, and hence the court erred in rendering judgment in defendants' favor for the "actual value of the work done" and adjudging it a lien on the lots in question. Now, necessarily, the rights of the parties under the contract and the charter are involved, and must be tried and determined by the court, and in such case, under the general rule that where a court of equity obtains jurisdiction it will do complete justice and dispose of the whole matter, even if matters regularly triable only at law arise, the court properly rendered judgment for the value of the work as done and enforced the lien. *Holland v. Anderson*, 38 Mo. 55; *Paris v. Haley*, 61 Mo. 453; *Nelson v. Bills*, 21 Mo. App. 219; *Lockland v. Smith*, 5 Mo. App. 219. This was proper to avoid multiplicity of suits. *Real Estate Co. v. Collomus*, 63 Mo. 290; *Corby v. Bean*, 44 Mo. 379.

GILL, J.—This is a suit in equity brought by the plaintiff to cancel certain tax bills which had been issued under the new charter of Kansas City against certain real estate owned by him, for constructing a brick pavement on Eighteenth street in said city.

It is alleged in the petition that the tax bills are void because the contractor did not substantially, or at all, comply with the ordinance or contract, under which the pavement was laid and the tax bills issued, in that said ordinance and contract required the brick used in constructing the pavement to be of the best quality of hard and thoroughly vitrified brick, whereas those actually used in such construction were not hard nor vitrified at all, but were of an inferior quality, and wholly worthless for paving purposes. The answer was a general denial.

The court found the facts to be: "That a large majority of the brick with which said street was paved were not vitrified brick as required by the ordinance and contract for paving said street, but were of an inferior quality, and the court finds the value of the work done under said contract to be ninety-seven and one-half ($97\frac{1}{2}$) cents per square yard, and no more, instead of one dollar, ninety-seven and one-half cents ($1.97\frac{1}{2}$) per square yard, the contract price."

The court thereupon rendered judgment against the plaintiff's property for the amount of the tax bills, estimated at ninety-seven and one-half cents per yard, and that upon payment of such judgment his property should be discharged from all further lien on account thereof.

Plaintiff filed a motion for a new trial, alleging that the court erred in not wholly canceling the tax bills, and declaring them absolutely void, and erred in rendering judgment against the plaintiff's property for

any sum; which motion being overruled, the case was brought here by appeal.

The matter for decision here is, whether there can be any recovery on a tax bill for street improvement in Kansas City where there was a substantial failure by the contractor to use the quality of material provided for in the contract. The trial court held in the affirmative, and permitted a recovery for the actual value of the pavement, though a large portion of the brick used by the contractor was inferior in quality to that required by the terms of his engagement.

In the charter of Kansas City, as it existed prior to the adoption of the new one in 1889, it was declared that, "Such certified bill shall, in all action thereon, be *prima facie* evidence of the validity of the bill, of the doing of the work, etc.; *provided,* that nothing in this section shall be so construed as to prevent any defendant from pleading in reduction of the bill   *   *   * that the work therein mentioned was not done in a good and workmanlike manner." Section 4, p. 252, Laws, 1875. A like provision occurs in the new charter, but with this addition: "*And provided* further, if it shall be pleaded and proved that the work for which the bill was issued was not done according to the terms of the contract made by the contractor with the city, then the plaintiff or plaintiffs shall recover thereon only the actual value of the work done, if of any value, and if of no value, the judgment shall be for the defendant." City charter, 1889, sec. 18, art. 9.

In *Traders' Bank v. Payne* (31 Mo. App. 512, decided in 1888) this court dealt with a case coming under the terms of the old charter. That was an action to enforce tax bills for paving Broadway with cedar blocks resting on a concrete foundation. The special defense was that this concrete was only six inches in thickness whereas the contract provided it should be

nine inches.   The holder of the tax bills claimed that,
at all events, under the charter of 1875, there should be
a recovery for the value of the work, notwithstanding
the deficiency in the thickness of the concrete.   But
the right to recover in a reduced amount for this
inferior material was denied, the court, through Judge
PHILIPS, using this language: "The special defense
pleaded by the defendant here comes not within the
terms of the language of the *proviso*, 'that the work
therein mentioned was not done in a good and work-
manlike manner.'   This clearly has reference only to
the *manner* of doing the work.   It does not touch the
instance of a failure to employ the *material*, in kind
and quality, called for in the contract. · *   *   *   But
it pertains solely to bad workmanship in employing the
material and putting it into the construction.  It applies
to the lack of skill or negligence in doing the
mechanical work," etc.

Now, after a consideration of the terms of the old
law, as construed by the courts in 1888, what shall we
say was intended by the addition of the aforesaid
*proviso* in the charter of 1889, wherein it was declared,
that if "the work for which the bill was issued was not
done according to the terms of the contract  *. *  *
then the plaintiff shall recover thereon only the actual
value of the work done, if of any value, and if of no
value, the judgment shall be for the defendant."   Was
it not meant to extend the scope of the old law (as con-
strued by *Traders' Bank v. Payne*) and provide for a
partial recovery in case of *defective material* as it was
theretofore provided where there was inferior mechan-
ical work?   We must think this was the purpose of the
amendment.   In our opinion, by the "work for which
the bill was issued" (as named in the additional clause)
was meant to include all that go to make up the com-
pleted job—workmanship and character of materials.

And if the landowner should plead, and be able to prove, that such work was not up to the requirements of the contract, was defective in any substantial particular, then the holder of the tax bill should only be allowed to recover the real value thereof (limited, of course, by the contract price), or if the work should be of no value to the abutting owner, then the tax bill should be defeated altogether.

We think it was the manifest purpose of the charter amendment of 1889 to bring work of this kind, and the rights of the parties interested therein, within reach of the just and equitable rule so often applied to other building contracts—that is, that although the work has not been done with material of the quality provided for in the contract, yet the contractor will be permitted to recover what such work is reasonably worth to the owner, not exceeding the contract price. *Yeats v. Ballentine*, 56 Mo. 530, and cases cited.

The rule finds ready application to the case at bar. The plaintiff charges in his bill, and the court finds, that the contractor in doing this street paving failed to use the character of brick stipulated in the contract, but put in an inferior quality, which the court finds was worth only ninety-seven and one-half cents, instead of one dollar, ninety-seven and one-half cents per square yard, as was the contract price; and a judgment was rendered accordingly charging the lot owner with such reduced price and no more.

The trial court, too, was fully justified, when, acquiring jurisdiction of the parties, it proceeded to adjudicate and settle the entire controversy. "It is a well established rule, that where a court of equity once acquires jurisdiction of a cause, it will retain it to do full and complete justice." *Holland v. Anderson*, 38 Mo. 55. And this, too, although the court may pass

on a matter cognizable at law. *Paris v. Haley*, 61 Mo. 453.

The judgment is for the right party and will be affirmed. All concur.