J. S. LAPSLEY, Respondent, v. MERCHANTS BANK OF JEFFERSON CITY, Appellant.

Kansas City Court of Appeals, February 15, 1904.

1. **BANKS AND BANKING: Statutory Construction: Dividends: Surplus.** The provision of section 1293, Revised Statutes 1899, requires that 10 per cent of the net profits shall be set aside as surplus before dividends can be declared on the stock; this provision is mandatory since any other construction would defeat the whole aim and object of the statute. Adhered to on motion for rehearing.

2. ————: **Dividends: Surplus: Pleading: Issues.** In a stockholder's suit for dividends on his stock the petition averred that the directors declared the dividend and that they had competent authority to so do. The answer in addition to a general denial alleged the dividend was illegal and payment unlawful and denied that such dividend was in law or fact ever declared. No objection was made to the indefiniteness of the answer. *Held*, the question can be raised on the pleadings as to whether 10 per cent had been carried to the surplus before declaring the dividend.

3. ————: **Officer's Salary: Instruction: Contract.** If the president of a bank fails to comply with the contract of his employment, he ought not to recover on it, and instructions to that effect should be given. Adhered to on motion for rehearing.

4. ————: **Pleading: Evidence: Objection.** While the pleading in this case was broad enough to admit the evidence of failure to carry a part of the earnings to the surplus fund, yet if it be not so, the fact that the evidence was admitted without objection precludes the plaintiff from raising the point.

5. **APPELLATE PRACTICE: Motion for New Trial: Abstract: Record Proper.** When the appellant fails to make it appear in his abstract that the record proper shows that the motion for a new trial was filed and overruled, yet if the additional abstract of the respondent shows such fact, that is all that is necessary since a recitation of the fact and not a copy of the record is sufficient.

Appeal from Osage Circuit Court.—*Hon. W. A. Davidson*, Judge.

REVERSED AND REMANDED (*with directions*).

*W. S. Pope* and *W. L. Vaughan* for appellant.

(1)   Defendant contends that a dividend of five per cent could not have been paid out of the net earnings of the previous year, after setting aside ten per cent thereof as required by law; that the directors did not pretend to set aside anything to the surplus fund before declaring the dividend, and that such dividend was declared contrary to the provisions of sec. 1293, R. S. 1899; and that the court by refusing declaration of law numbered 6, asked by defendant, ignored the fact that the directors had not complied with said section of the statute and had declared a dividend that could not be paid out of the net earnings of the preceding year, after deducting ten per cent thereof and setting it aside for the surplus fund.   Hall's Bank Laws, secs. 26-7-8; 1 Morse on Banks and Banking, sec. 66, sec. 172b, sec. 128a; Brown's National Bank cases, 493; Insurance Co. v. Page & Richardson, 56 Ky. 412, 17 B. Monroe; Ball on National Banks, 19.    (2)   "Losses and bad debts must be deducted in arriving at net profits."   May hold dividend for debt of shareholder. Ball on National Bank, 200; Cleveland's Bank Laws, 5, secs. 2, 3, 4, 5; Balles on National Banking, section 107; R. S. 1899, sec. 1288.    (3)   The refusal of the court to give instructions 8, 9 and 10, asked by appellant, clearly indicates that the court did not take into consideration the question as to whether the respondent complied with the terms of his employment. The court took the view that he was entitled to the six months' salary regardless of the manner in which he performed his duties.

*Ryors & Vosholl* and *Silver & Brown* for respondent.

(1)   The objection that the directors before declaring the dividends omitted to set apart ten per cent

of the net profits to the surplus fund, and therefore plaintiff can not recover the dividends sued for was rightly overruled.  (a)  Because no defense of this character was set up in the answer.  Christian v. Ins. Co., 143 Mo. 461; Musser v. Adler, 88 Mo. 445.  (b) Because section 1293, R. S. 1899, is directory in its character and the consequence contended for by appellant does not attach because of its non-observance. Wolf v. Brown, 142 Mo. 612.  (c)  Because the observance of said section 1293 by banks is properly enforcible by the Secretary of State under the State banking laws.  R. S. 1899, secs. 1304-5.  (d)  Because it appears from the evidence that after deducting from the earnings the dividend of five per cent declared on defendant's capital, there remained in said earnings a sum largely in excess of ten per cent thereof as the same stood before the declaration of the dividend.

ELLISON, J.—The plaintiff was president of the defendant bank and was likewise a stockholder and director.  He charges in the first count of his petition that the bank owes him a dividend of five per cent on his stock; and in the second count, that it owes him for six months' salary as president.  On trial before the court judgment was rendered for plaintiff on each count.

It appears that the defendant bank was in such condition as to alarm the Secretary of State who has in charge, as a department of his office, the supervision of all banks with State charters.  It had loaned to plaintiff and two others associated in the grocery business with him and also directors in the bank sums aggregating largely more than the capital stock.  It was in such condition on that and other important matters as to cause the Secretary to advise the directory that if the indebtedness was not reduced and the affairs of the institution quickly put into a more satisfactory condition, he would be compelled to adopt stringent meas-

ures under the law. It appears that an examination had been made by one of the Secretary's bank examiners in the first part of January, 1900, and that from thence on till the 29th of that month the Secretary was demanding that the institution be put upon a more businesslike footing. On the 15th of that month, the directors, including this plaintiff and his two associates in business, made and entered the following dividend. order:

"After cashier had made a statement of the earnings of the bank for the past year, upon motion, the Board declared that a dividend of 5 per cent be paid to stockholders. The shares paid up in May to receive only a pro rata share of said 5 per cent according to the time the money for said shares has been in possession of the bank."

Defendant contends that this order was made without first setting aside 10 per cent of the net profits of the bank for the period covered by the dividend and was therefore in violation of the express provisions of the statute, section 1293, Revised Statutes 1899, which reads as follows: "The board of directors of any bank institution in this State, when it shall declare a dividend, shall first set apart to the surplus fund ten per cent of the net profits of the bank for the period covered by the dividend, until the same shall amount to 20 per cent of its capital stock, and said surplus shall not be diminished except for the payment of any losses which may occur: Provided, if there are undivided profits, these shall first be used in payment of such losses."

Plaintiff claims this statute to be merely directory and that a compliance therewith is not necessary to enable him to recover the dividend declared in the order. We are clearly of the opinion that plaintiff's claim is not the proper construction of the statute. The statute in positive terms declares that 10 per cent of the net profits shall be first set apart to the surplus

fund until that fund shall amount to twenty per cent of the capital stock. The evident object and purpose of the statute was to create a fund, in addition to the capital stock, for the security of depositors and others doing business with the bank. Current history shows an unmistakable demand on the part of the people and a corresponding effort on the part of the law-makers to provide safe banking methods. And undoubtedly the statute in question, which is recently enacted, was to secure that end in whatever degree it would be secured by a strict compliance therewith. "Where the whole aim and object of the legislature would be plainly defeated if the command to do the thing in a particular manner did not imply a prohibition to do it in any other, no doubt can be entertained as to the intention." Endlich on Statutes, section 431.

As just stated, it is manifest that the "aim and object" of the statute in question is to compel the accumulation of a surplus fund out of net profits, and it is equally manifest that the result may not be secured if dividends are permitted to be declared and paid out of such profits in preference to the surplus. Whenever third persons or the public have an interest in having done that which is prescribed by the legislature then the act is mandatory, even though words permissive, as "may," are used, instead of words mandatory as, "shall." Potter's Dwarris on Statutes, 220. Before there can be a dividend which the law would recognize in a suit to recover it, there must be a net profit; and then the dividend can only be declared on that portion of the profit remaining after ten per cent has been set aside to the surplus fund. Such process for the allowance of dividends continues under the terms of the statute until the surplus shall have equalled twenty per cent of the capital stock.

It is, however, claimed by plaintiff that defendant did not set up this defense in its answer. We are of the opinion that connecting the answer with the allegations

of the petition that the board of directors declared the dividend and that "said board had competent authority so to do;" it stated enough to let in such defense. The answer, besides being a general denial, alleged that the dividend was illegally declared. It alleged that the reason the dividend had not been paid was "because the payment thereof would have been unlawful." It furthermore denied that "any such dividend as stated in plaintiff's petition was in law or fact ever declared." No objection by way or motion or demurrer was made that the answer was incomplete, or otherwise indefinite, or uncertain.

Passing to plaintiff's claim for salary as set up in the second count of the petition, we are of the opinion that error was committed in refusing defendant's instructions Nos. 9 and 10. It does not appear upon what possible theory they could have been refused, since they were amply supported by evidence. If plaintiff failed to comply with his contract he surely ought not to recover on it.

The judgment will be reversed and the cause remanded with directions to enter judgment for defendant on the first count and for a new trial on the second.

*Broaddus, J.,* concurs; *Smith, P. J.,* not sitting.

OPINION ON MOTION FOR REHEARING.

ELLISON, J.—Plaintiff seeks a rehearing of this and the case of Edwards against this defendant (argued and submitted together) on several grounds. One that the statute construed is directory and not mandatory. This is but a reassertion of the principal point in the case as orignally presented and which we have disposed of in the opinion. We see no reason for departing from what was there said. We do not regard McClintock v. Bank, 120 Mo. 127, as applicable to the question.

It is next insisted that defendant is precluded by

its answer from using the statute as a defense in that such defense was not specially pleaded. We are of the opinion that the answer, while not as specific as it should have been, is unquestionably broad enough to admit such evidence. But, if we should concede that it was not, plaintiff's point would still be untenable, from the fact that evidence was admitted on that head without objection from him. The rule is that though it be necessary to plead a matter by answer, yet if it be not pleaded and evidence is admitted without objection on that account, the failure to plead is considered as waived. Judge GANTT likens such failure to object to instances where a failure to file a reply was not allowed to be raised by the defendant after he had gone through the trial without making that point. Price v. Hallett, 138 Mo. 561; that case was directly affirmed in an opinion by Judge BURGESS in McDonnell v. De-Soto Savings Ass'n 175 Mo. 250, 275. The reason of the rule is apparent when it is considered that if objection had been made to the evidence the defendant could have elected to amend the answer. Plaintiff relies on Weaver v. Hendrick, 30 Mo. 502, and some other cases, but we consider none of them in point.

It is next urged that we overlooked the points made in the briefs that defendant's abstract is not sufficient to permit us to examine more than the record proper. That matters of error in the trial are not properly before us for review. The ground of objection stated by plaintiff is that the abstract fails to show the *overruling* of the motion for new trial and in arrest by entry of the record proper. The overruling of the motion for new trial and exception thereto is fully set out in the bill of exceptions. It has, however, been held by the Supreme Court, and this court, that the filing of a motion for new trial should be shown by the record proper. St. Charles ex rel. v. Deemar, 174 Mo. 122; Western Storage Co. v. Glasner, 150 Mo. 427; Lawson v. Mills, 150 Mo. 428; Crossland v. Admire,

149 Mo. 650; Hill v. Combs, 92 Mo. App. 242; Turney v. Ewins, 97 Mo. App. 620; McCormack v. Crawford, 98 Mo. App. 319. But allowing that plaintiff intended to include in his objection to the abstract that it also failed to show the motion for new trial was filed, we must still rule the point against plaintiff. Plaintiff himself has relieved the case of that defect or objection. He filed as under the statute he may, an additional abstract and a statement. In the latter he gives a full abstract of the petition, answer and replication. He then states in detail what was shown in evidence by each party; the finding and judgment and the amount thereof and the filing and overruling of the motion for new trial.

A motion for new trial, of course, should be filed, and it should be made to appear by the abstract. But when the appellant fails to make it appear and the respondent concedes, by an affirmative statement, that it was filed, it is all that is necessary. It is not necessary to set out copies of the record entry of filing. The abstract may state the fact in narrative form (State ex rel. v. Smith, 172 Mo. 446, 458) and we can see no reason why the admission by the respondent is not sufficient to supply the omission by appellant. Jurisdiction of the appeal is not based on the abstract. The certificate of the judgment of the trial court certified, as provided by statute, in the basis of the proceedings in the appellate court (State ex rel. v. Smith, 172 Mo. 618), and it seems to us to be entirely competent for the respondent to supply some necessary statement in the appellant's abstract, by a statement of his own of the matter omitted.

The motion in each case should be overruled. *Broaddus, J.,* concurs; *Smith, P. J.,* not sitting.